UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-22736-CIV-SEITZ/O'SULLIVAN

ANTHONY CHIARENZA, and all
others similarly situated

        Plaintiffs,

v.

IBSG INTERNATIONAL, INC., *et al.*,

        Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Lead Plaintiffs' Motion to Reconsider and Vacate Order Striking Motion for Class Certification [DE-80], to which Defendants have not responded. Plaintiffs seek reconsideration of the Court's *sua sponte* order that struck Plaintiffs' Motion for Class Certification because it was filed more than three months after February 28, 2010 deadline for filing the motion and because Plaintiffs had not sought leave of Court to file the late motion. Because Plaintiffs have not demonstrated the need to correct clear error or to prevent manifest injustice, the Motion is denied.

As no judgment has been entered in this case, the Court will treat this as a motion filed pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) enumerates six bases for relief from a judgment or order:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier

judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Plaintiffs have not shown that any of these grounds for relief exist. Plaintiffs argue that they did not intentionally miss the deadline, that judicial efficiency is served by allowing the late filing, that settlement is encouraged by allowing the late filing, and that there would be no prejudice to any party by the late filing. Thus, Plaintiffs appear to be arguing either the first or the last basis for relief under Rule 60(b). However, the Eleventh Circuit has stated that it is "wary of granting Rule 60(b) relief for excusable neglect based on claims of attorney error." *Revere v. McHugh*, 362 Fed. App'x 993, 999 (11th Cir. 2010). Thus, Plaintiffs' argument that they did not intentionally miss the deadline does not justify relief under Rule 60(b)(1). Furthermore, a motion made pursuant to Rule 60(b)(6) "must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Johnson v. Ocwen Loan Servicing*, 2010 WL 892851, *6 (11th Cir. 2010) (internal quotations omitted); *see also Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla.. 2002) (stating that reconsideration of an order "is an extraordinary remedy to be employed sparingly"). Plaintiffs' remaining arguments do not sufficiently establish such extraordinary circumstances as would warrant relief. None of Plaintiffs' reasons establish that manifest injustice will result if the order is not vacated. Accordingly, it is

ORDERED that Lead Plaintiffs' Motion to Reconsider and Vacate Order Striking Motion for Class Certification [DE-80] is DENIED.

DONE AND ORDERED in Miami, Florida, this 18 day of August, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record