UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-22736-CIV-SEITZ/O'SULLIVAN

ANTHONY CHIARENZA, and all
others similarly situated

        Plaintiffs,

v.

IBSG INTERNATIONAL, INC., *et al.*,

        Defendants.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Plaintiffs' Motion for Reconsideration of Order

Striking Amended Complaint, and/or Leave to File Second Amended Complaint Including All

Court-Appointed Lead Plaintiffs [DE-97], to which the remaining Defendant, Geoffrey Birch,

has filed no response. On September 2, 2010, the Court entered its Order Granting Motions to

Dismiss, in which the Court gave Plaintiff Anthony Chiarenza until September 15, 2010 to file

an amended complaint. The September 2, 2010 Order also noted that only the claims of Plaintiff

Chiarenza remained because Jeffrey Bonvallat and Pierce Lord had been appointed Lead

Plaintiffs for a class which was never certified. Despite this, on October 8, 2010,[1] an Amended

Complaint was filed on behalf of Plaintiffs Chiarenza, Bonvallat, and Lord. On October 12,

2010, the Court struck the Amended Complaint because it violated the Court's September 2,

2010 Order and because the deadline for joinder of additional parties had passed. Plaintiffs now

seek reconsideration of the October 12, 2010 Order Striking Amended Complaint. Because

_____

[1]The Court granted several motions to extend the deadline for filing the amended
complaint.

Plaintiffs have not demonstrated the need to correct clear error or to prevent manifest injustice, the Motion is denied.

As no judgment has been entered in this case, the Court will treat this as a motion filed pursuant to Federal Rule of Civil Procedure 60(b).  Rule 60(b) enumerates six bases for relief from a judgment or order:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Plaintiffs have not shown that any of these grounds for relief exist. Plaintiffs argue that the court in which this case was originally filed, the Eastern District of New York, granted an unopposed motion to appoint Chiarenza, Bonvallat, and Lord as Lead Plaintiffs.  Plaintiffs appear to believe that this Court was unaware of that order.  However, as is clear from this Court's September 2, 2010 Order, the Court was aware of the order appointing Lead Plaintiffs. *See* DE-82, n.1.  It is clear from the order of the New York Court that Chiarenza, Bonvallat, and Lord were appointed as "Lead Plaintiffs for the Class." *See* DE-18.  As this Court noted in its September 2, 2010 Order, no class has been certified, the complaint only contains allegations regarding Chiarenza, and the deadline for joining additional parties has passed.  Accordingly, Plaintiffs have not shown any grounds for the requested relief.

Furthermore, when the Court struck Plaintiff's Amended Complaint, it gave Plaintiff until

October 14, 2010 at noon to file a second amended complaint. *See* DE-94. Plaintiff did not do so and the instant motion was not filed until October 18, 2010. This is not the first time Plaintiff has failed to comply with Court imposed deadlines. Plaintiff has failed to offer any reason for the late filing of this motion. Accordingly, it is

ORDERED that Plaintiffs' Motion for Reconsideration of Order Striking Amended Complaint, and/or Leave to File Second Amended Complaint Including All Court-Appointed Lead Plaintiffs [DE-97] is DENIED. Plaintiff Chiarenza, only, shall file a second amended complaint by **November 15, 2010.** Failure to timely comply with this order shall result in dismissal of this case. No extensions shall be granted.

DONE AND ORDERED in Miami, Florida, this 8ᵗʰ day of November, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:     All counsel of record